UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY      08 CV 1711 (PKC)
DISTRICT COUNCIL OF CARPENTERSANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS  **MEMORANDUM**
APPRENTICESHIP, JOURNEYMAN RETRAINING,        **OF LAW**
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE, AS
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

                                              Plaintiffs,

-against-

CARMODY, INC.,

                                              Defendant.
------------------------------------------------------------------X

## **MEMORANDUM OF LAW**

      This memorandum of law in written in support of the action commenced on February 21, 2008 to confirm the arbitration award dated December 13, 2007.

      I.      The arbitration award should be confirmed.

      Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171,

176 (2d Cir.1984)). Arbitration awards are granted great deference by the courts. Duferco Int'l Steel Trading v. T. Klaveness Shipping A/V, 333 F.3d 383, 388 (2d Cir.2003). Judicial review of an arbitrator's award, entered pursuant to an agreement between an employer and a labor organization, is very limited. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001). Provided there exists " 'even a barely colorable justification" ' for the arbitrator's determination, the award should be upheld. 187 Concourse Assocs. v. Fishman, 399 F.3d 524, 526-26 (2d Cir.2005) (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, 484 U.S. 29, 38 (1987)). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." Major League, 531 U.S. at 509 (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)).[1]

In the case at bar, there are no genuine issues of material fact, and plaintiff is entitled to judgment as a matter of law. The CBA provides that any dispute arising out of or in connection with the CBA is to be referred to arbitration for a final determination. The arbitrator was empowered by the parties to make the aforementioned award. The subject arbitrator was specifically named in the CBA as one of the individuals that the parties agreed could serve as an arbitrator. Thus, the arbitrator was clearly acting with the scope of the authority granted to him

---

[1] The Federal Arbitration Act (9 U.S.C. § 10(a) ). sets forth the following statutory bases for vacatur of an award:
(1) ... the award was procured by corruption, fraud, or undue means;
(2) ... evident partiality or corruption in the arbitrators, or either of them;
(3) ... the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of the party have been prejudice; or
(4) ... the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
An arbitration award may also be vacated on the grounds of manifest disregard of the law. D.H. Blair, 462 F.3d at 110-11; Bear, Stearns & Co., Inc. v. 1109580 Ontario, Inc., 409 F.3d 87, 90 (2d Cir.2005); Wallace v. Buttar, 378 F.3d 182, 189(2d Cir.2004); Duferco, 333 F.3d at 388. Additionally, a court may refuse to enforce an arbitrator's award because it is contrary to public policy. Banco de Seguros del Estado v. Mutual Marine Office, Inc., 344 F.3d 255, 260 (2d Cir.2003).

pursuant to the express terms of the CBA. The Respondent had been sent a Notice of Intention to Arbitrate. The Respondent defaulted at the arbitration. Moreover, the arbitrator's procedural and substantive interpretations of the CBA are supported by the contract terms themselves. Lastly, there is no evidence in the record suggesting corruption, fraud, or other impropriety on the part of the arbitrator, nor would confirmation of the award be contrary to public policy. Unopposed motions for summary judgment "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir.2004). In this matter, the undisputed facts clearly show that Petitioner is entitled to judgment as a matter of law (see Laundry, Dry Cleaning and Allied Workers Joint Board, Unite/Here AFL-CIO v. Miron and Sons Linen Service, 2006 WL 3155650 (S.D.N.Y.,2006) ). Thus, confirmation of the arbitration award is, therefore, appropriate.

Dated: New York, New York
      May 16, 2008

          Respectfully submitted,

          O'DWYER & BERNSTIEN, LLP

          ANDREW GRABOIS (AG 3192)